# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALBAMA

| | |
|---|---|
| Estate of Shawn Desmond Woodard ) | |
| by and through Jennett Merida, ) | |
| Administrator, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV: 1:10-cv-00236-WS-M |
| ) | |
| Washington County, Alabama, *et al*. ) | |
| ) | |
| Defendants. ) | |

## ANSWER of ALL DEFENDANTS

The Defendants, Washington County, Alabama, Commissioner Herman Williams, Commissioner Hilton Robbins, Commissioner Keesler Weaver, Commissioner Allen Bailey, Commissioner William Beasley, Sheriff Richard Stringer, Chief Deputy Sheriff Terry Beasley, Sheriff Deputy Elton Sullivan, and the Washington County E-911 Commission, Answer the Complaint of the Plaintiffs as follows:

1.  Defendants deny the Estate of Shawn Desmond Woodard is a proper plaintiff in this wrongful death lawsuit.  Defendants will stipulate to certified records from the Probate Court.

2. Defendants will stipulate to certified records from the Probate Court. Defendants deny the Estate is entitled to bring any wrongful death action in Alabama. All claims by the Estate should be dismissed.

3. Admitted that Washington County is a political subdivision of the State of Alabama.

4. Admitted.

5. – 12. Admitted as stated, but Defendants deny Plaintiffs have any viable claim against said Defendants and further deny they can be sued in the stated capacities.

13. No response necessary.

14. Admitted generally; denied as to any legal interpretation or consequences.

15. Admitted.

16. Denied as stated.

17. Admitted that Decedent was in jail, but denied that the jail was under the supervision and direction of all Defendants.

18. Denied. There are varying accounts concerning the events of that evening and the times given by witnesses vary.

19. Admitted generally subject to discovery.

20. Admitted generally subject to discovery, but denied as to time.

21. Denied.

22. Admitted generally subject to discovery, but denied as to details.

23. Admitted subject to discovery.

24. Denied as stated, except Defendants assert the administration of aspirin in this situation was not harmful to Decedent and to the contrary was good for his medical condition at that time.

25. Denied.

26. Admitted generally, but denied as to details.

27. Admitted generally, but denied as to symptoms.

28. Admitted generally, but denied as to time.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied as to time.

37. Admitted, except as to import of time.

38.     Denied.

**Count One - §1983 Deliberate Indifference to Needed Medical Care**

39.     Defendants adopt and incorporate their defenses, immunities, answers and responses to all the paragraphs and counts of the Complaint.

40.     Denied.

41.     Denied.

42.     Denied.

**Count Two – Ala. Code §14-6-1**

43.     Defendants adopt and incorporate their defenses, immunities, answers and responses to all the paragraphs and counts of the Complaint.

44.     Defendants deny the said statute was violated and plead the defenses stated in this Answer.

45.     Denied.

**Count Three – Ala. Code §14-6-19**

46.     Defendants adopt and incorporate their defenses, immunities, answers and responses to all the paragraphs and counts of the Complaint.

47.     Defendants deny the said statute was violated and plead the defenses stated in this Answer.

48.     Denied.

**Count Four – Negligence/Wantonness**

49. Defendants adopt and incorporate their defenses, immunities, answers and responses to all the paragraphs and counts of the Complaint.

50. Denied.

51. Denied.

### Count Five – 8th & 14th Amendments

52. Defendants adopt and incorporate their defenses, immunities, answers and responses to all the paragraphs and counts of the Complaint.

53. Defendants deny Plaintiffs are entitled to any relief under the said provisions.

54. Denied.

55. Denied.

### Count Six - Alabama Wrongful Death Statute

56. Defendants adopt and incorporate their defenses, immunities, answers and responses to all the paragraphs and counts of the Complaint.

57. Defendants deny Plaintiffs are entitled to any relief under the said statute.

58. Denied.

## Immunities, Affirmative Defenses & Other Defenses

As to each count and claim, Defendants in addition plead the following immunities and defenses:

59. *Qualified Immunity.*  The Defendants each plead qualified immunity as a defense to all claims in the Complaint.

60. *Section 14 – Sheriffs and Deputies.*  Sheriffs and Deputy Sheriffs performing statutory duties are immune from state law claims under the Constitution of Alabama, §14.

61. *Section 14 – All Defendants.*  The Defendants are immune by virtue of § 14 of the Constitution of Alabama and are entitled to sovereign immunity and State immunity.

62. *All Immunities, Caps, Limitations, etc*.  Defendants claim the benefit of all immunities, statutory caps on liability or damages, limitations, and filing requirements applicable to Counties in Alabama, and demand strict proof of all filing required by law, including but not limited to those immunities, statutory caps on damages, limitations, and filing requirements set forth in § 11-47-23, § 11-47-190, § 11-47-192, and § 11-93-2 of the Code of Alabama.

63. *Peace Officer Immunity Statute.*  The Defendant peace officers assert their immunity under § 6-5-338 of the Code of Alabama, the Peace Officer Immunity Statute.

64. *State-Agent Immunity.*  One or more Defendants are entitled to "state-agent" immunity under the analysis set for in *Ex parte Cranman,* 792

So. 2d 392 (Ala. 2000), and adopted in *Ex parte Butts,* 775 So. 2d 173 (Ala. 2003).

65. *No Scienter.* To the extent any Defendant did not know of the alleged cardiac difficulties of the Decedent that evening, or the extent or seriousness of same, each and every such Defendant should be dismissed based upon the lack of scienter, knowledge or deliberateness.

66. *Statutory Requirements.* As to any state claims, the Defendants demand proof that the Plaintiffs complied with the terms of § 6-5-20; § 11-12-5 § 11-12-6; and § 11-12-8 of the Code of Alabama.

67. *Good Faith.* The Defendants at all material times acted in good faith. The Defendants acted without any knowledge of any impropriety or any constitutional violation, and had no previous knowledge or information that the 33-year-old Decedent was at cardiac risk. Feigned illnesses and health problems are extremely common at the Washington County Jail, and said feigned illnesses and feigned health problems are invariably asserted at night.

68. *Punitive Damages Disallowed.* The Plaintiffs are not entitled to the award of punitive damages, according to § 6-11-26 of the Code of Alabama, 42 U.S.C. § 1983, and decisions of the courts.

69. *No Malice*.  The Defendants did not act with malice and did not have a deliberate indifference or act willfully in any negative way.

70. *11th Circuit Heightened Pleading Requirements*.  The Plaintiffs' Complaint cites general rules and abstract rights and fails to state a claim upon which relief can be granted under the heightened pleading requirements of the Eleventh Circuit.  The Plaintiff has not alleged with specificity the facts which make out the alleged claims, nor the specific law relied upon, and the Complaint should therefore be dismissed as it now stands or made more definite.  Plaintiff cites no controlling authority from the U.S. Supreme Court, Eleventh Circuit, or Supreme Court of Alabama.

71. *Official Capacity*.  To the extent the Complaint sues any Defendant in any official capacity, the Eleventh Amendment, rulings of the Eleventh Circuit, and Alabama law, all require dismissal of any such claims.

72. *No Monell Claim*.  The Complaint fails to state a *Monell* claim or cause of action under *Monell* and cases decided thereafter.

73. *Denial – Moving Force.*  The Defendants deny any of their policies and procedures were the moving force behind any alleged constitutional violation.

74. *No Policymaking Authority.* To the extent any Defendants did not have final policymaking authority, all claims against such Defendants should be dismissed.

75. *Denial – Deprivation by Official Policy.* Defendants deny Decedent was deprived of any constitutional rights through any official policy, practice or custom.

76. *No Subjective Awareness.* No Defendant was subjectively aware of the risks, nor was any Defendant guilty of subjective recklessness. The Decedent misrepresented his medical condition when admitted to the Jail, did not inform any of the Defendants that his health was severely compromised from illegal drug use, may himself have been unaware of his own previous heart attacks and possibly unaware that his coronary arteries had plaques "resulting in up to 80% stenosis of the right coronary artery and the left anterior descending branch of the left coronary artery," as stated in the Report of Autopsy. The Plaintiff presented the picture of health to the Jail, performed multiple push-ups, was trim, volunteered for physical activity, never previously complained about his health to Jail personnel, and at age 33 was not in the demographic cohort known for cardiac problems.

77. *Negligence Insufficient.* None of the Defendants are liable for negligence, because negligence is insufficient to support a claim under 42 U.S.C. § 1983.

78. *No respondeat superior.* Defendants cannot be held liable under the doctrine of *respondeat superior* or vicarious liability in a case brought under 42 U.S.C. § 1983 or otherwise. This suit should not proceed against any Defendant based on a supervisory position. To the extent any Defendant did not directly participate in the alleged activities, the claims against said Defendant should be dismissed.

79. *Discretionary Acts.* The Defendants were engaged in discretionary acts within the scope of their authority and did not commit any actions involving willfulness, fraud, bad faith, wantonness, maliciousness, or any other conduct actionable in this civil action.

80. *Assumption of Risk & Contributory Negligence.* Prior to and during the sequence of events referred to in the Complaint, the Decedent and Plaintiff assumed the risk of cardiac death and Decedent and Plaintiff were guilty of contributory negligence. Defendants demand strict proof from Plaintiff, as part of her case-in-chief, that Decedent took reasonable care of Decedent's health, physical condition, nutrition, and sobriety. To the extent the Decedent smoked cigarettes composed of tobacco or marijuana, drank

alcohol to excess, took unhealthy or illegal drugs, maintained high blood pressure, failed to exercise, failed to obtain regular medical and physical check-ups, failed to control fat intake, failed to take necessary prescriptive medications, failed to warn others of his health conditions, allowed any associated illness or condition to get out of control, allowed his arteries to become clogged, or subjected himself to excessive life stressors or any unhealthy conditions, the Plaintiff may not recover.

The Decedent misrepresented his medical condition when he was admitted to the Washington County Jail:  Decedent did not inform any of the Defendants that his health was severely compromised from illegal drug use; that his coronary arteries had plaques "resulting in up to 80% stenosis of the right coronary artery and the left anterior descending branch of the left coronary artery," as stated in the Report of Autopsy; that he had atherosclerotic cardiovascular disease as stated in the Report of Autopsy; or that he had experienced heart attacks previous to his most recent incarceration.

81.   *General Denial*.   Defendants deny all allegations of fault and deny all liability.  Except to the extent specifically admitted in this Answer, Defendants deny each and every material allegation in the Complaint and demand strict proof thereof.

11

82. *Dismiss Commissioners Forthwith.* All Washington County Commissioners should be dismissed forthwith, as they had no control or supervision over the daily operations of the Jail or the prisoners.

83. *Dismiss Washington County E-911 Commission Forthwith.* The Washington County E-911 Commission denies it can be sued under that name or otherwise, and should be dismissed forthwith because it had no control or supervision over the daily operations of the Jail or the prisoners.

84. *Failure to State a Claim & Too Indefinite.* The Complaint and each count thereof, according to the denials, defenses and immunities set forth herein, and under the counts as set forth, fails to state a claim or cause of action upon which relief can be granted and should be made more definite. Without limitation, the Complaint fails to state what standard of care is applicable under the specific medical circumstances made the basis of the suit, and fails to state how the actions of Defendants would have prevented Decedent's death.

85. *Denial of Notice.* Defendants deny they received full and adequate notice or knowledge of the Decedent's medical, physical, cardiac or pulmonary condition or health. Defendants further deny they received full and adequate notice or knowledge of any complaints articulated by the Decedent or other prisoners. Plaintiff is estopped, by virtue of the

Decedent's misrepresentation of his own health, to assert the Defendants had notice of the Decedent's underlying atherosclerotic cardiovascular disease and history of myocardial infarct or that Decedent was a cardiac risk.

86. *Denial of Duty*.  Defendants deny they had a duty to prevent the cardiac death of the Decedent under the circumstances made the basis of this suit.  To the extent the Complaint asserts any claim governed by the Medical Liability Act, the Complaint should be dismissed.

87. *Denial of Breach of Duty*.  Defendants deny they breached any applicable duty to the Decedent.

88. *Denial of Proximate Medical Causation*.  According to the Report of Autopsy, Decedent's cause of death was atherosclerotic cardiovascular disease, as evidenced by medical observation and microscopic examination of the heart.  Defendants deny any of their actions or lack thereof caused the Decedent to have atherosclerotic cardiovascular disease, a heart attack or other medical problem.  Decedent's disease was caused in part by his own illegal drug use.  Defendants deny any of their actions or lack thereof would have prevented the death of the Decedent.  Defendants demand strict proof in the form of expert testimony concerning the acts and omissions of the Decedent, the Decedent's fellow prisoners, the Plaintiff, and the Defendants.

89. *Probable Cause*. Decedent was properly and legally held in jail. Law enforcement authorities or the judicial system found and had probable cause or arguable probable cause to arrest and detain Decedent at all material times preceding Decedent's death. The Decedent was therefore subject to the practical and legal limitations imposed by his incarceration.

90. *Statutory & Regulatory Compliance*. The conditions of Decedent's confinement met all applicable statutes, written legal standards, ordinances and regulations.

91. *Possible Ulterior Motive*. To the extent the Plaintiff herself facilitated the filing of the Complaint in anticipation of a primary election to be held on or about June 1, 2010, or facilitated the filing of the Complaint in retaliation for Plaintiff's ex-husband's loss of a job as a Washington County deputy sheriff on the first day the Defendant Washington County Sheriff Richard Stringer took that office, the Complaint should be dismissed and appropriate sanctions entered.

WHEREFORE, the Defendants state that the Plaintiff(s) should not recover. Defendants demand a trial by jury.

/s/ John D. Gleissner
John D. Gleissner
Attorney for Defendants

**OF COUNSEL:**
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
(205) 982-4624 – direct line
(205) 982-4620 – office
(205) 982-4630 – fax
jgleissn@travelers.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to the following:

Mack B. Binion, Esq.
Samuel J. Briskman, Esq.
Briskman & Binion, P.C.
PO Box 43
Mobile, AL 36601

by electronic filing on this the 26th day of May, 2010.

/s/ John D. Gleissner
Of Counsel